UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:11-cv-61991-DIMITROULEAS/Snow

ARMOUR GROUP, INC., a Florida
Corporation,

    Plaintiff
vs.

JOSEPH LABOCK, A/K/A YOSEF LABOCK,
SHARON MIZRACHI and MOSHE
MIZRACHI, husband and wife, YL
TECHNOLOGY, INC., a Florida Corporation,
and MILITARY STEEL CORP., a Colorado
Corporation,

    Defendants.
_____/

## OMNIBUS ORDER VACATING CLERK'S DEFAULTS AND DENYING MOTIONS FOR DEFAULT

THIS CAUSE is before the Court upon Defendants' Motion to Strike Motion for Default Judgment [DE 23] against Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc., and upon Defendants' Motion for Relief from Entry of Default [DE 24], both filed on November 9, 2011. Furthermore, Plaintiff's Motion for Entry of Court's Default [DE 19] against Defendants Moshe Mizrachi and Sharon Mizrachi, filed on November 4, 2011, is also before the Court. The Court has carefully considered these Motions and is otherwise fully advised in the premises.

Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. filed motions for thirty (30) day extensions of time to respond to the Complaint. *See* [DE 7-8]. This Court partially granted these extensions, granting these Defendants an additional fourteen (14) days to respond. [DE 10-11]. Despite this extension, these Defendants failed to timely file their response.

Plaintiff applied for and obtained a Clerk's Default against Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. on October 28, 2011. [DE 17-18]. Plaintiff, however, failed to include a certificate of conference under Southern District of Florida Rule 7.1(a)(3) attesting to a good-faith attempt to resolve the issue sought by Plaintiff's motion. Counsel for Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. states that he was moving his office during this period, was affected by a heavy snowstorm, and had a malfunctioning spam filter preventing him from receiving CM/ECF notices. In opposing the motion for default judgment and in moving to vacate the Clerk's Default, Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. have attached their proposed Answer to the Complaint.

Defaults are disfavored. There is a longstanding preference in federal courts that litigation disputes be resolved on their merits. Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). As a result, a district court has the inherent power to dismiss an entry of default for failure to comply with rules of procedure. Flaksa v. Little River Marine Const. Co., 389 F.2d 885, 887 (5th Cir. 1968). This power may even be exercised *sua sponte*. Id. Thus, this Court shall vacate the Clerk's Default against Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. and shall deny Plaintiff's motion for default judgment against them.

Plaintiff has also moved the Court to enter default against Defendants Moshe Mizrachi and Sharon Mizrachi. *See* [DE 19]. On November 7, 2011, the Court issued an Order to Show Cause to these Defendants as to why default should not be entered against them. [DE 22]. Defendants Moshe Mizrachi and Sharon Misrachi filed their Answer on November 9, 2011. [DE 27]. Because defaults are disfavored and these Defendants have now responded, this Court shall also deny Plaintiff's motion for default against Defendants Moshe Mizrachi and Sharon

Mizrachi.

Defendants move for sanctions against Plaintiff for failing to include a certificate of conference in their motions for Clerk's Default and in their Motion for Default Judgment. Although Local Rule 7.1(a)(3) does permit the Court to issue sanctions, sanctions are discretionary, and the Court finds that sanctions are inappropriate in this case. Though Plaintiff may have failed to include a certificate of counsel, Defendant failed to effectively monitor the status of the case. As a result, sanctions are inappropriate.

Accordingly, for good cause, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc.'s Motion for Relief from Entry of Default [DE 24] is **GRANTED**;

2. The Clerk's Entry of Default against Joseph Labock, Military Steel Corp., and YL Technologies Inc. [DE 18] is **VACATED**;

3. Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc.'s Motion to Strike Motion for Default Judgment [DE 23] is **GRANTED** in its alternative request to deny the motion;

4. Plaintiff's Motion for Default Judgment [DE 20] against Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. is **DENIED**;

5. Plaintiff's Motion for Entry of Court Default [DE 19] against Defendants Moshe Mizrachi and Sharon Mizrachi is **DENIED**;

6. Defendants' request for sanctions against Plaintiff for violating Local Rule 7.1(a)(3) is **DENIED**;

7. Defendants Joseph Labock, Military Steel Corp., and YL Technology, Inc. shall file their Answer(s) by November 14, 2011.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of November, 2011.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record