UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  0:11-CV-61991-WPD

ARMOUR GROUP, INC., a Florida
corporation,

      Plaintiff,

vs.

JOSEPH LABOCK, A/KA/ YOSEF LABOCK,
SHARON MIZRACHI, and MOSHE MIZRACHI,
husband and wife, YL TECHNOLOGY, INC.,
a Florida corporation, and MILITARY STEEL
CORP., a Colorado corporation,

      Defendants.
_____/

## COUNTER-DEFENDANT'S, ARMOUR GROUP, INC., MOTION TO DISMISS COUNTERCLAIMS FILED BY COUNTER-PLAINTIFF, MILITARY STEEL CORP. AND INCORPORATED MEMORANDUM OF LAW

Counter-Defendant, Armour Group, Inc. ("Armour Group"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for the entry of an Order dismissing the Counterclaim [D.E. 31] filed by Counter-Plaintiff, Military Steel Corp. ("Military Steel"), and as grounds therefore would state:

### BACKGROUND

On September 9, 2011, Armour Group filed its Complaint [D.E. 1] alleging, in part, claims that Military Steel infringed its patent for one-way bullet resistant glass, United States Patent No. 7,318,956 (the " '956 Patent") and United States Trademark No. 3,067,530 (the "ONEWAY Trademark."  On November 14, 2011, Military Steel filed its Counterclaim in this action seeking declaratory judgments of non-infringement of the '956 Patent and the ONEWAY

Trademark. Military Steel has failed to state claims for declaratory judgment and the Counterclaim should be dismissed with prejudice.

## LEGAL STANDARD

This district has succinctly stated the legal standard for a motion to dismiss as follows:

> The purpose of a motion brought pursuant to Fed.R.Civ.P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed.R.Civ.P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court does not require heightened fact pleading, but does require enough facts to state a claim to relief that is plausible on its face. Id. at 1974. In other words, "in considering a motion to dismiss, a court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." Jackson v. Bellsouth Telecomm., Inc., 181 F.Supp.2d 1345, 1353 (S.D.Fla. 2001).

Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336 (S.D. Fla. 2008).

## ARGUMENT

### I. A declaratory judgment is unnecessary in this case in which Military Steel's rights will be decided by Armour Group's infringement claims.

Military Steel's claims should be dismissed with prejudice because the resolution of the claims raised in Armour Group's Complaint will determine the rights of Military Steel. This Court has broad discretion to decline the entry of declaratory judgment where other claims in the litigation would be dispositive of the issue. See Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) ("Because the parties' rights … will be decided by the infringement claims at hand, there is no need for declaratory judgment."). In this case, Military Steel's rights regarding whether it infringed the '956 Patent and the ONEWAY Trademark will be decided by the claims raised by Armour Group in the Complaint.

2

That is, in Count I of the Complaint, Armour Group alleges that Military Steel infringed the '956 Patent and in Count II of the Complaint, Armour Group alleges that Military Steel infringed the ONEWAY Trademark. Accordingly, the entry of a separate declaratory judgment on these issues is unnecessary and the Counterclaim should be dismissed with prejudice as it is duplicitous pleading.

II. **Military Steel has failed to allege the requisite elements to obtain a declaratory judgment under either state or federal law.**

Even assuming arguendo that Military Steel's claims for declaratory judgment are properly before this Court, Military Steel has failed to properly allege the elements of same. In fact, Military Steel even fails to state whether its claims were brought pursuant to the state or federal Declaratory Judgment Act. However, regardless of the statutory scheme to which Military Steel avails itself, Military Steel has failed to set forth the requisite elements to establish an entitlement to relief.

  a. **Military Steel has failed to state of cause of action under the Federal Declaratory Judgment Act.**

Military Steel has failed to state a cause of action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Pursuant to the federal Declaratory Judgment Act:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As set forth by the Eleventh Circuit:

> Consistent with the cases and controversies requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an actual controversy. Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. The plaintiff must allege facts from which the

continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

Malowney v. Federal Collection Deposit Group, 193 F.3d 1342 (11th Cir. 1999) (citations and quotation marks omitted).  In both of its counterclaims seeking a declaratory judgment, Military Steel simply makes blanket averments that it has not manufactured, offered, or sold any products which may have infringed the '956 Patent or the ONEWAY Trademark.  Military Steel has wholly failed to allege that a dispute exists, much less "facts from which the continuation of the dispute may be reasonably inferred."  Accordingly, Military Steel's Counterclaim should be dismissed.

      **b.**    **Military Steel has failed to state of cause of action under the Florida Declaratory Judgment Act.**

Military Steel has failed to state a cause of action under the Florida Declaratory Judgment Act.  Pursuant to Florida Declaratory Judgment Act, Fla. Stat. §§ 86.011-86.111, et seq.:

The Court may render declaratory judgments on the existence, or nonexistence:

(1) Of any immunity, power, privilege, or right; or

(2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future.

Fla. Stat. § 86.011.  A party seeking declaratory relief must demonstrate that:

- there is a bona fide, actual, present practical need for the declaration;

- that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

- that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

4

- that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;

- that the antagonistic and adverse interests are all before the court by proper process or class representation; and

- that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles, 680 So. 2d 400, 404 (Fla. 1996) (numeration added). Military Steel has failed to allege any of the above elements. Rather, in both of its counterclaims seeking a declaratory judgment, Military Steel simply makes blanket averments that it has not manufactured, offered, or sold any products which may have infringed the '956 Patent or the ONEWAY Trademark. Accordingly, Military Steel's Counterclaim should be dismissed.

WHEREFORE, Plaintiff, Armour Group, Inc., prays this Court dismiss the Counterclaim filed by Defendant, Military Steel, Corp. with prejudice, and award such further relief as the Court deems proper and just.

Dated: November 29, 2011

>Respectfully submitted,
>
>/s/ Robert E. Pershes
>Robert E. Pershes, Esquire
>Florida Bar No. 301906
>Laurence S. Litow, Esquire
>Florida Bar No. 328758
>Vijay G. Brijbasi, Esquire
>Florida Bar No. 15037
>**ROETZEL & ANDRESS, LPA**
>350 Las Olas Blvd.
>Las Olas Centre II, Suite 1150
>Fort Lauderdale, FL  33301
>Tel.:  (954) 462-4150
>Fax:  (954) 462-4260
>E-mail: rpershes@ralaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert E. Pershes
Robert E. Pershes
Fla. Bar No.: 301906

## SERVICE LIST

Ralph (Rick) Martin, Esq.
385 Main Street
Suite 200
Longmont, CO 80501
***Via CM/ECF***

Mr. Ronnie Fischer, Esq.
Fischer Law Firm, P.C.
1777 S. Harrison Street
Penthouse - Suite 1500
Denver, Colorado 80210
***Via CM/ECF***