UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:  0:11-CV-61991-WPD

ARMOUR GROUP, INC., a Florida
corporation,

    Plaintiff,

vs.

JOSEPH LABOCK, A/KA/ YOSEF LABOCK,
SHARON MIZRACHI, and MOSHE MIZRACHI,
husband and wife, YL TECHNOLOGY, INC.,
a Florida corporation, and MILITARY STEEL
CORP., a Colorado corporation,

    Defendants.
_____/

**COUNTER-DEFENDANT'S, ARMOUR GROUP, INC., MOTION TO DISMISS
COUNTERCLAIM FILED BY COUNTER-PLAINTIFFS,
JOSEPH LABOCK A/K/A YOSEF LABOCK AND YL TECHNOLOGY, INC.,
AND INCORPORATED MEMORANDUM OF LAW**

Counter-Defendant, Armour Group, Inc. ("Armour Group"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for the entry of an Order dismissing the Counterclaim [D.E. 32] filed by Counter-Plaintiffs, Joseph Labock a/k/a Yosef Labock ("Labock") and YL Techonology, Inc. (collectively, "Counter-Plaintiffs"), and as grounds therefore would state:

**BACKGROUND**

On September 9, 2011, Armour Group filed its Complaint [D.E. 1] alleging, in part, claims that Counter-Plaintiffs infringed its patent for one-way bullet resistant glass, United States Patent No. 7,318,956 (the " '956 Patent"). On November 14, 2011, Counter-Plaintiffs filed their Counterclaim in this action seeking a declaratory judgment of non-infringement of the '956 Patent and raising a claim of common law unfair competition based upon trademark

infringement. Counter-Plaintiffs have failed to state any claim upon which relief can be granted and the Counterclaim should be dismissed with prejudice.

## LEGAL STANDARD

This district has succinctly stated the legal standard for a motion to dismiss as follows:

> The purpose of a motion brought pursuant to Fed.R.Civ.P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed.R.Civ.P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court does not require heightened fact pleading, but does require enough facts to state a claim to relief that is plausible on its face. Id. at 1974. In other words, "in considering a motion to dismiss, a court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." Jackson v. Bellsouth Telecomm., Inc., 181 F.Supp.2d 1345, 1353 (S.D.Fla. 2001).

Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336 (S.D. Fla. 2008).

## ARGUMENT

**I. Counter-Plaintiffs' claim for declaratory judgment should be dismissed with prejudice because it is unnecessary and Counter-Plaintiffs have failed to properly allege facts entitling them to relief.**

    **a. A declaratory judgment is unnecessary in this case in which Counter-Plaintiffs' rights will be decided by Armour Group's infringement claim.**

Counter-Plaintiffs' declaratory judgment claim should be dismissed with prejudice because the resolution of the claims raised in Armour Group's Complaint will determine the rights of Counter-Plaintiffs. This Court has broad discretion to decline the entry of declaratory judgment where other claims in the litigation would be dispositive of the issue. See Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) ("Because the parties' rights … will be decided by the infringement claims at hand, there

2

is no need for declaratory judgment."). In this case, Counter-Plaintiffs' rights regarding whether they infringed the '956 Patent will be decided by the claims raised by Armour Group in the Complaint. That is, in Count I of the Complaint, Armour Group alleges that Counter-Plaintiffs infringed the '956 Patent. Accordingly, the entry of a separate declaratory judgment on these issues is unnecessary and the Counterclaim should be dismissed with prejudice as it is duplicitous pleading.

### b. Counter-Plaintiffs have failed to allege the requisite elements to obtain a declaratory judgment under either state or federal law.

Even assuming arguendo that Counter-Plaintiffs' claims for declaratory judgment are properly before this Court, Counter-Plaintiffs have failed to properly allege the elements of same. In fact, Counter-Plaintiffs even fail to state whether their claims were brought pursuant to the state or federal Declaratory Judgment Act. However, regardless of the statutory scheme to which Counter-Plaintiffs avail themselves, Counter-Plaintiffs have failed to set forth the requisite elements to establish an entitlement to relief.

### i. Counter-Plaintiffs have failed to state of cause of action under the Federal Declaratory Judgment Act.

Counter-Plaintiffs have failed to state a cause of action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Pursuant to the federal Declaratory Judgment Act:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As set forth by the Eleventh Circuit:

> Consistent with the cases and controversies requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an actual controversy.

3

> Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

<u>Malowney v. Federal Collection Deposit Group</u>, 193 F.3d 1342 (11th Cir. 1999) (citations and quotation marks omitted). In their Counterclaim seeking a declaratory judgment, Counter-Plaintiffs simply make blanket averments that they have not manufactured, offered, or sold any products which may have infringed the '956 Patent. Counter-Plaintiffs have wholly failed to allege that a dispute exists, much less "facts from which the continuation of the dispute may be reasonably inferred." Accordingly, the Counterclaim should be dismissed.

### ii. **Counter-Plaintiffs have failed to state of cause of action under the Florida Declaratory Judgment Act.**

Counter-Plaintiffs have failed to state a cause of action under the Florida Declaratory Judgment Act. Pursuant to Florida Declaratory Judgment Act, Fla. Stat. §§ 86.011-86.111, et seq.:

> The Court may render declaratory judgments on the existence, or nonexistence:
>
> (1) Of any immunity, power, privilege, or right; or
>
> (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future.

Fla. Stat. § 86.011. A party seeking declaratory relief must demonstrate that:

- there is a bona fide, actual, present practical need for the declaration;

- that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

- that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

4

- that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;

- that the antagonistic and adverse interests are all before the court by proper process or class representation; and

- that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles, 680 So. 2d 400, 404 (Fla. 1996) (numeration added).  Counter-Plaintiffs have failed to allege any of the above elements.  Rather, in their Counterclaim seeking a declaratory judgment, Counter-Plaintiffs simply make blanket averments that they have not manufactured, offered, or sold any products which may have infringed the '956 Patent.  Accordingly, the Counterclaim should be dismissed.

**II.     Counter-Plaintiffs' claim Common Law Trademark Infringement and Unfair Competition should be dismissed because Counter-Plaintiffs have failed to allege prior use of their purported trademark and the geographic location in which their purported trademark was used.**

Counter-Plaintiffs have failed to state a claim for common law trademark infringement. A claim for common law unfair competition based on trademark infringement requires the following elements to be alleged and proved:

> (1) The plaintiff **first adopted** and used a certain name (or mark or symbol or logo or design) **in a certain market or trade are**a, as a means of establishing good will and reputation and to describe, identify or denominate particular services rendered or offered by it (or goods made or sold by it) and to distinguish them from similar services rendered or offered (or similar goods marketed) by others, and
>
> (2) through its association with such services or goods the plaintiff's tradename (or mark, etc.) **has acquired a special significance** as the name of the services rendered (or goods marketed) by the plaintiff **in its trade area** because plaintiff's tradename (or mark, etc.)
>
>> (a) is inherently distinctive (fanciful, novel or arbitrary), or
>>
>> (b) while generic, descriptive, or geographic, plaintiff's tradename (or mark, etc.) has, by actual usage, acquired in a certain trade area, a secondary,

5

>special or trade meaning as indicating, describing, identifying or denominating the plaintiff as the source of certain services (or goods), and
>
>(3) the defendant has commenced, or intends to commence, the use of an identical or confusingly similar tradename (or mark, etc.) to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade areas in which the plaintiff has already established its tradename (or mark, etc.) and
>
>(4) as a consequence of the defendant's action, or threatened action, customer confusion of source or as to the sponsorship of the services (or goods) offered, or to be offered, by the defendant is probable (likely) or inevitable.

Tally-Ho, Inc. v. Coast Community College Dist., 889 F.2d 1018, 1026 (11th Cir. 1989) (emphasis added). Considerations of prior use and geographical scope of a common law trademark are integral to a claim for infringement of same. See id. at 1023, 1027 ("Under the common law, trademark rights are appropriated only through actual prior use in commerce. . . . The territorial extent of trademark protection is limited to those geographic areas in which a mark is actually used in commerce and a zone of reasonable future expansion."); Planetary Motion, Inc. v. Techsplosion, Inc, 261 F.3d 1188 (11th Cir. 2001).

In their Counterclaim, Counter-Plaintiffs allege that Armour Group has infringed on Counter-Plaintiffs' purported common law trademark in the name "Return Fire" used to describe bullet-resistant glass invented by Labock. However, in support of their Counterclaim, Counter-Plaintiffs allege only that "Labock has used the 'Return Fire' trademark for at least one year in commerce" and that Counter-Plaintiffs "are the sole owners of the 'Return Fire' trademark." See Counterclaim [D.E. 32] at ¶¶ 12, 30. Counter-Plaintiffs do not allege that they used the "Return Fire" trademark prior to any use by Armour Group nor do they identify "a certain market or trade area" in which Counter-Plaintiffs purportedly used the "Return Fire" trademark. Moreover, Counter-Plaintiffs fail to allege that the "Return Fire" trademark "has acquired a special significance as the name of the services rendered (or goods marketed) by the [Counter-Plaintiffs]

in [their] trade area" or how any such special significance was derived.  Without such basic allegations, Counter-Plaintiffs cannot maintain a claim for common law trademark infringement against Armour Group and, likewise, Armour Group is unable to respond to same.  Accordingly, the Counterclaim should be dismissed.

WHEREFORE, Plaintiff, Armour Group, Inc., prays this Court dismiss the Counterclaim filed by Counter-Plaintiffs, Joseph Labock a/k/a Yosef Labock and YL Techonology, Inc., with prejudice, and award such further relief as the Court deems proper and just.

Dated: November 29, 2011

Respectfully submitted,

/s/ Robert E. Pershes
Robert E. Pershes, Esquire
Florida Bar No. 301906
Laurence S. Litow, Esquire
Florida Bar No. 328758
Vijay G. Brijbasi, Esquire
Florida Bar No. 15037
**ROETZEL & ANDRESS, LPA**
350 Las Olas Blvd.
Las Olas Centre II, Suite 1150
Fort Lauderdale, FL  33301
Tel.:  (954) 462-4150
Fax:  (954) 462-4260
E-mail: bpershes@ralaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*.  I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert E. Pershes
Robert E. Pershes
Fla. Bar No.: 301906

## SERVICE LIST

Ralph (Rick) Martin, Esq.
385 Main Street
Suite 200
Longmont, CO 80501
*Via CM/ECF*

Mr. Ronnie Fischer, Esq.
Fischer Law Firm, P.C.
1777 S. Harrison Street
Penthouse - Suite 1500
Denver, Colorado 80210
*Via CM/ECF*