UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:11-CV-61991-WPD

ARMOUR GROUP, INC., a Florida
corporation,

    Plaintiff,

vs.

JOSEPH LABOCK, A/KA/ YOSEF LABOCK,
SHARON MIZRACHI, and MOSHE MIZRACHI,
husband and wife, YL TECHNOLOGY, INC.,
a Florida corporation, and MILITARY STEEL
CORP., a Colorado corporation,

    Defendants.
_____/

## COUNTER-DEFENDANT'S, ARMOUR GROUP, INC., MOTION TO DISMISS COUNTERCLAIM FILED BY COUNTER-PLAINTIFFS, SHARON MIZRACHI AND MOSHE MIZRACHI AND INCORPORATED MEMORANDUM OF LAW

Counter-Defendant, Armour Group, Inc. ("Armour Group"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for the entry of an Order dismissing the Counterclaim [D.E. 27] filed by Counter-Plaintiffs, Sharon Mizrachi and Moshe Mizrachi (collectively, "Counter-Plaintiffs"), and as grounds therefore would state:

### BACKGROUND

On September 9, 2011, Armour Group filed its Complaint [D.E. 1] alleging, in part, claims that Defendants infringed its patent for one-way bullet resistant glass, United States Patent No. 7,318,956 (the " '956 Patent"). On November 9, 2011, Counter-Plaintiffs filed their Counterclaim in this action seeking a declaratory judgment of non-infringement of the '956

Patent.  Counter-Plaintiffs have failed to state a claim for declaratory judgment and the Counterclaim should be dismissed with prejudice.

## LEGAL STANDARD

This district has succinctly stated the legal standard for a motion to dismiss as follows:

> The purpose of a motion brought pursuant to Fed.R.Civ.P. 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed.R.Civ.P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 1965.  The Court does not require heightened fact pleading, but does require enough facts to state a claim to relief that is plausible on its face. Id. at 1974. In other words, "in considering a motion to dismiss, a court will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." Jackson v. Bellsouth Telecomm., Inc., 181 F.Supp.2d 1345, 1353 (S.D.Fla. 2001).

Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp., 589 F. Supp. 2d 1336 (S.D. Fla. 2008).

## ARGUMENT

### I.  A declaratory judgment is unnecessary in this case in which Counter-Plaintiffs' rights will be decided by Armour Group's infringement claim.

Counter-Plaintiffs' claim should be dismissed with prejudice because the resolution of the claims raised in Armour Group's Complaint will determine the rights of Counter-Plaintiffs. This Court has broad discretion to decline the entry of declaratory judgment where other claims in the litigation would be dispositive of the issue.  See Knights Armament Co. v. Optical Systems Technology, Inc., 568 F. Supp. 2d 1369, 1375 (M.D. Fla. 2008) ("Because the parties' rights … will be decided by the infringement claims at hand, there is no need for declaratory judgment.").  In this case, Counter-Plaintiffs' rights regarding whether they infringed the '956 Patent will be decided by the claims raised by Armour Group in the Complaint.  That is, in Count

I of the Complaint, Armour Group alleges that Counter-Plaintiffs infringed the '956 Patent. Accordingly, the entry of a separate declaratory judgment on these issues is unnecessary and the Counterclaim should be dismissed with prejudice.  See id.

**II.     Counter-Plaintiffs have failed to allege the requisite elements to obtain a declaratory judgment under either state or federal law.**

Even assuming arguendo that Counter-Plaintiffs' claim for declaratory judgment is properly before this Court, Counter-Plaintiffs have failed to properly allege the elements of same.  In fact, Counter-Plaintiffs even fail to state whether their claims were brought pursuant to the state or federal Declaratory Judgment Act.  However, regardless of the statutory scheme to which Counter-Plaintiffs avail themselves, Counter-Plaintiffs have failed to set forth the requisite elements to establish an entitlement to relief.

**a.     Counter-Plaintiffs have failed to state of cause of action under the Federal Declaratory Judgment Act.**

Counter-Plaintiffs have failed to state a cause of action under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Pursuant to the federal Declaratory Judgment Act:

> In a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

As set forth by the Eleventh Circuit:

> Consistent with the cases and controversies requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an actual controversy. Based on the facts alleged, there must be a substantial continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.

3

Malowney v. Federal Collection Deposit Group, 193 F.3d 1342 (11th Cir. 1999) (citations and quotation marks omitted).  In their Counterclaim seeking a declaratory judgment, Counter-Plaintiffs simply make blanket averments that they have not manufactured, offered, or sold any products which may have infringed the '956 Patent.  Counter-Plaintiffs have wholly failed to allege that a dispute exists, much less "facts from which the continuation of the dispute may be reasonably inferred."  Accordingly, the Counterclaim should be dismissed as it is duplicitous pleading.

      **b.**    **Counter-Plaintiffs have failed to state of cause of action under the Florida Declaratory Judgment Act.**

Counter-Plaintiffs have failed to state a cause of action under the Florida Declaratory Judgment Act.  Pursuant to Florida Declaratory Judgment Act, Fla. Stat. §§ 86.011-86.111, et seq.:

> The Court may render declaratory judgments on the existence, or nonexistence:
>
> (1) Of any immunity, power, privilege, or right; or
>
> (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege, or right does or may depend, whether such immunity, power, privilege, or right now exists or will arise in the future.

Fla. Stat. § 86.011.  A party seeking declaratory relief must demonstrate that:

- there is a bona fide, actual, present practical need for the declaration;

- that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

- that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

- that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law;

4

- that the antagonistic and adverse interests are all before the court by proper process or class representation; and

- that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

<u>Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles</u>, 680 So. 2d 400, 404 (Fla. 1996) (numeration added).  Counter-Plaintiffs have failed to allege any of the above elements.  Rather, in their Counterclaim seeking a declaratory judgment, Counter-Plaintiffs simply make blanket averments that they have not manufactured, offered, or sold any products which may have infringed the '956 Patent.  Accordingly, the Counterclaim should be dismissed.

WHEREFORE, Plaintiff, Armour Group, Inc., prays this Court dismiss the Counterclaim filed by Counter-Plaintiffs, Sharon Mizrachi and Moshe Mizrachi, with prejudice, and award such further relief as the Court deems proper and just.

Dated: <u>November 29, 2011</u>

                                                   Respectfully submitted,

                                                   /s/ Robert E. Pershes
                                                   Robert E. Pershes, Esquire
                                                   Florida Bar No. 301906
                                                   Laurence S. Litow, Esquire
                                                   Florida Bar No. 328758
                                                   Vijay G. Brijbasi, Esquire
                                                   Florida Bar No. 15037
                                                   **ROETZEL & ANDRESS, LPA**
                                                   350 Las Olas Blvd.
                                                   Las Olas Centre II, Suite 1150
                                                   Fort Lauderdale, FL  33301
                                                   Tel.:  (954) 462-4150
                                                   Fax:  (954) 462-4260
                                                   E-mail: rpershes@ralaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using *CM/ECF*. I also certify that the foregoing is being served this day upon all counsel of record or *pro se* parties identified in the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by *CM/ECF* or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Robert E. Pershes
Robert E. Pershes
Fla. Bar No.: 301906

## SERVICE LIST

Ralph (Rick) Martin, Esq.
385 Main Street
Suite 200
Longmont, CO 80501
***Via CM/ECF***

Mr. Ronnie Fischer, Esq.
Fischer Law Firm, P.C.
1777 S. Harrison Street
Penthouse - Suite 1500
Denver, Colorado 80210
***Via CM/ECF***